No. 2426½
Second Circuit

---

JOHN A. HEMLER v. MILES HAWKINS; MRS. DELIA E. THOMASON, Intervenor

(December 10, 1925, Opinion and Decree.)

---

*(Syllabus by the Editor)*

1. **Louisiana Digest—Fraud—Par. 3.**

Fraud will not be presumed. He who alleges it must prove it.

2. **Louisiana Digest—Execution—Par. 166.**

Where the intervenor who claimed first preference out of the proceeds of a sale under execution of a judgment because of the lessor's privilege and the privilege as furnisher of necessary plantation supplies, which the intervenor had on the property to be sold, proves her case to be true, she will

be given first preference out of the proceeds of the sale.

3.   **Louisiana Digest—Appeal—Par. 512.**
The facts do not justify damages for a frivolous appeal.

Appeal from Fifth Judicial District Court of Louisiana, Parish of Richland, Hon. John R. McIntosh, Judge.

This is a suit in which the plaintiff caused an execution of a judgment under which cotton, corn, mules and a buggy were seized and sold. Mrs. Delia E. Thomason intervened and claimed to be paid by first preference out of the proceeds of the sale because of a lessor's lien and privilege for furnishing necessary plantation supplies. There was judgment for intervenor and plaintiff appealed.

Judgment affirmed.

George Wesley Smith, of Rayville, attorney for plaintiff, appellant.

Ellis and Ellis, of Rayville, attorneys for intervenor, appellee.

STATEMENT OF THE CASE.

REYNOLDS, J.   Plaintiff caused execution to issue upon a judgment he had obtained against defendant in suit No. 5340 on the docket of the District Court of Richland parish entitled John A. Hemler versus Miles Hawkins under which certain cotton and corn, mules and a buggy were seized and sold.

Mrs. Delia E. Thomason intervened in the suit and by way of third opposition claimed to be paid by first preference out of the proceeds of the sale $250.00 as lessor of defendant for rent of the land on which the cotton and corn were grown and on which the rent of the property seized was situated at the time of the seizure, and the further sum of $505.16 for necessary supplies furnished by her to the defendant to enable him to make the crop seized.

Plaintiff denied the allegations of the intervention and alleged that intervenor's claims were fraudulent and the result of collusion between her and defendant.

On these issues the case was tried and there was judgment in favor of intervenor for the full amount claimed by her with recognition of her lessor's privilege to the extent of $252.00 on all the property seized and sold and with recognition of her privilege as furnisher of supplies to the extent of $505.16, less buggy, $35.00 and less doctor's bill $80.50, leaving a net amount of $389.66, on the cotton and corn seized and sold.

Plaintiff appealed, and intervenor, third opponent, has answered the appeal and asks for damages for frivolous appeal.

OPINION.

Intervenor, third opponent, established the correctness of her account against defendant, Miles Hawkins, for $506.16, for necessary plantation supplies furnished him to make the crop, and for $252.00, rent, by Ernest Thomason, who swore positively to the correctness of each item of the account, and by the defendant, Miles Hawkins, who, in his answer to the intervention, admitted its correctness and testified to its correctness as a witness.

Plaintiff relied on the testimony of Cage McLemore and Clay Croxton, each of whom swore that he had sold goods to Miles Hawkins from time to time during the year 1924 for cash.

We are convinced that this evidence is absolutely true, but it in no way disproves the testimony of Ernest Thomason or Miles Hawkins, both of whom swore to the correctness of each item of intervenor, third opponent's account.

Plaintiff specially calls our attention to the account of intervenor, third opponent, against Miles Hawkins as shown on pages 45, 47 and 49 of a bound book filed in evidence.

Our examination of the account, as kept in the book, indicates that it was copied at one sitting; but this fact is not sufficient, in our opinion, to warrant this court in holding that there was collusion or fraud between intervenor, third opponent and defendant.

Fraud will not be presumed. He who alleges it must prove it.

"Fraud is never imputed, except on legal and convincing evidence produced by one alleging it."

Strauss vs. Insurance Co. of N. A., 157 La. 661, 102 South. 861.

The district judge who tried the case and saw and heard the witnesses and probably knew them, gave judgment in favor of intervenor, third opponent, against defendant, Miles Hawkins, for the full amount claimed against him, and, as against plaintiff, John A. Hemler, held that she had a first privilege, as lessor, for $252.00 with 5% per annum interest from May 5, 1925, on the proceeds of the sale of all the property, and a first privilege, as furnisher of necessary plantation supplies for $505.16, less the buggy, $35.00, and less doctor's bills, $80.50, with 5% per annum interest from May 16, 1925.

The evidence satisfies us that the judgment of the lower court is correct, except, perhaps, as to the item of doctor's bills, and as the judgment of the lower court as to this item was against intervenor, third opponent and she makes no complaint, it cannot be disturbed.

Intervenor, third opponent asks damages for frivolous appeal, but we do not think, under the facts presented in this case, that damages for frivolous appeal should be allowed.

For the above reasons, the judgment of the lower court is affirmed.